FILED
SUPERIOR COURT
OF GUAM

2022 FEB 10 PM 4: 31

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>JOHN DANIEL NEGO,<br>DOB: 08/20/1987<br><br>Defendant. | Criminal Case No. CF0014-19<br><br><br>**DECISION AND ORDER**<br>(Motion for Sentence Reduction) |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 6, 2022 upon the Motion for Sentence Reduction filed by Defendant John Daniel Nego ("Defendant"). Defendant was represented at the hearing by Assistant Public Defender Zachary Taimanglo. Assistant Attorney General Christine Tenorio represented the People of Guam ("the People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** the Defendant's Motion for Sentence Reduction.

## BACKGROUND

Defendant was originally charged on January 17, 2019 with Theft of a Motor Vehicle by Deception (as a Second Degree Felony); Forgery (as a Third Degree Felony); Impersonation (as a Third Degree Felony); two counts of Terroristic Conduct (as a Third Degree Felony); two counts of Attempted Violation of a Court Order (as a Misdemeanor); Theft by Deception (as a Misdemeanor); and Theft of Property (as a Misdemeanor). Following a jury trial, Defendant was found guilty of the following crimes and sentenced as follows:

a) For the conviction of Theft of a Motor Vehicle by Deception (as a Second Degree Felony), Defendant was sentenced to five (5) years imprisonment at the Department of Corrections;
b) For the conviction of Forgery (as a Third Degree Felony), Defendant was sentenced to five (5) years imprisonment, to run concurrent with the above sentence;
c) For the conviction of Impersonation (as a Third Degree Felony), Defendant was sentenced to five (5) years imprisonment, to run concurrent with the above sentences;
d) For the conviction of Terroristic Conduct (as a Third Degree Felony), Defendant was sentenced to five (5) years imprisonment, to run consecutive to the sentence imposed for the conviction of Theft of a Motor Vehicle above;
e) For the conviction of two counts of Attempted Violation of a Court Order (as a Misdemeanor), Defendant was sentenced to one (1) year imprisonment for each count, to run concurrent with the above sentences;

*See* Judgment at 2 (Jul. 9, 2019). Altogether, Defendant was sentenced to serve ten (10) years of imprisonment and a three (3) year special parole term. *Id.*

Defendant subsequently appealed this case to the Supreme Court of Guam. The Supreme Court issued its Opinion affirming the Defendant's judgment of conviction on May 25, 2021. *People v. Nego*, 2021 Guam 3 ¶ 34. The Supreme Court Mandate was filed with the Court on June 16, 2021. Defendant timely filed the Motion for Sentence Reduction on September 17, 2021. The People filed an Opposition on September 30, 2021. A motion hearing was held on January 6, 2022, after which this matter was taken under advisement.

## DISCUSSION

Defendant brings this motion to reduce his sentence pursuant to 8 GCA § 120.46. This statute provides:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

*See* 8 G.C.A. § 120.46. Title 9 GCA § 80.60(b) sets out the standards for imposing or withholding probation in lieu of imprisonment:

[T]he court shall not suspend imposition of sentence or place an offender on probation if, having due regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment is necessary for the protection of the public because:

(1) there is undue risk that during the period of a suspended sentence or probation the offender would commit another crime;

(2) the offender is in need of correctional treatment that can be provided most effectively by commitment to an institution; or

(3) a lesser sentence would depreciate the seriousness of the offender's crime.

9 G.C.A. § 80.60(b).

The Court **DENIES** the Defendant's Motion for Reduction of Sentence for the reasons set forth below.

## I. THE COURT DENIES THE DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE BECAUSE THE TEN-YEAR SENTENCE IS LEGAL AND WITHIN THE RANGE PERMITTED BY GUAM LAW.

Guam law provides that the maximum sentence for each felony conviction in this case is five years, while the maximum sentence for the misdemeanor charge is one year. For example, Theft (as a Second Degree Felony) is punishable by a maximum of five years when a defendant has not previously been convicted of a felony or an offense constituting theft. *See* 9 GCA § 43.20(a). Forgery (as a Third Degree Felony) is punishable by a maximum of five years under the general language of 9 GCA § 80.30(c). The Court also may impose a sentence of not more than five years for Impersonation (as a Third Degree Felony). *See* 9 GCA §§ 46.80(c) and 80.30(c). Terroristic Conduct (As a Third Degree Felony) is similarly punishable by a maximum of five years. 9 GCA §§ 19.50(b) and 80.30(c). Finally, an Attempted Violation of a Court Order is a misdemeanor punishable by a maximum of one year. 9 GCA §§ 30.40(a) and 13.10. Here, the Defendant was sentenced within the statutorily permitted range for each charge. *See* Judgment. Thus, because the sentence falls within the statutory guidelines and is legal under Guam law, any reduction of the sentence is based on the Court's discretion.

**II.    THE COURT DENIES THE DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE BECAUSE IT FINDS THAT THE TEN YEAR SENTENCE IS APPROPRIATE WHEN CONSIDERING RELEVANT SENTENCING FACTORS.**

In submitting a motion to reduce a sentence, a defendant request leniency from the court. *See United States v. Eastman*, 743 F.2d 1322, 1323 (9th Cir. 1984). A Court may reduce a sentence, when upon reflection, the originally imposed sentence seems unduly harsh. *See United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973). A motion to reduce a defendant's sentence is addressed at the discretion of the sentencing court. *Eastman*, 743 F.2d at 1323. Additionally, a court has the discretion to impose a sentence that runs either concurrently or consecutively when a judgment of conviction includes more than one crime. *See* 9 GCA § 80.10(b).

Here, defense counsel asks the Court for leniency and requests that the Defendant's sentence be reduced. In particular, the Defendant requests that the Court order his sentences to run concurrently rather than consecutively. Defendant argues that the ten year sentence in this matter is unduly harsh, noting that prior to these convictions, Defendant had not been convicted of a felony. Furthermore, Defendant points out that he was not convicted of a crime considered to be violent under Guam's sentencing statutes. *See* 9 GCA §§ 80.37.2(c)(1) and 80.70(a)(2). For these reasons, Defendant asks the Court for a sentence other than the maximum for each charge, to include consideration of alternatives to the sentencing maxima.

The Government, on the other hand, urges the Court to keep the Defendant's sentence as is. The People contend that the sentence was reasonable given the charges and nature of this case. The People highlight that the victim involved in the Violation of a Court Order conviction suffered extensive emotional and physical abuse at the hands of the Defendant. Furthermore, because the victim in this case worked at a school, this was not the Defendant's

first offense involving the evacuation of a school building. Although the Defendant was not a prior felon, he had been given numerous chances to rehabilitate himself, and failed to do so. Additionally, the Defendant escalated his conduct by engaging in property crimes against strangers. Given the Defendant's history, the Court finds the sentence is also appropriate to prevent the Defendant from committing further crime. The Court also finds that a lesser sentence would depreciate the seriousness of these crimes and that the factors set forth in 9 GCA § 80.60(b) support the Defendant's sentence. For these reasons, the Motion for Sentence Reduction is **DENIED.**

## CONCLUSION

For the above reasons, the Court hereby **DENIES** the Defendant's Motion for Sentence Reduction.

**IT IS SO ORDERED** FEB 1 0 2022 .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG; PDIC

Date: 2/1/22 Time: 8:10

Deputy Clerk, Superior Court of Guam